UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY E. WOOTEN, | Case No.: 1:13-cv-00570 JLT (PC) |
| Plaintiff, | ORDER DISMISSING THE COMPLAINT WITH LEAVE TO AMEND |
| v. | |
| CALIFORNIA DEP'T OF CORRECTIONS, et al. | (Doc. 1) |
| Defendants. | |

Plaintiff Gregory E. Wooten ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff initiated this matter on April 22, 2013. Id. As required, the Court screens the complaint pursuant to 28 U.S.C. § 1915A, and for the following reasons, the Court **ORDERS** that Plaintiff's complaint be **DISMISSED.**

**I.     SCREENING REQUIREMENT**

Because Plaintiff is seeking redress from governmental employees in a civil action, the Court is required to screen his complaint in order to identify cognizable claims. 28 U.S.C. § 1915A(a)-(b). The Court shall "dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## II. PLEADING STANDARDS

### A. Fed. R. Civ. P. 8(a)

"Pro se documents are to be liberally construed" and "'must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). "[They] can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Id. Under Federal Rule of Civil Procedure 8(a), "[a] pleading that states a claim for relief must contain: (1) a short and plaint statement of the grounds for the court's jurisdiction, . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). Each allegation must be simple, concise, and direct. Fed. R. Civ. P. 8(d)(1). While a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (internal quotation marks and citations omitted).

In analyzing a pleading, the Court sets conclusory factual allegations aside, accepts all non-conclusory factual allegations as true, and determines whether those non-conclusory factual allegations accepted as true state a claim for relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 676-684 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." (Id. at 678) (internal quotation marks and citation omitted). In determining plausibility, the Court is permitted "to draw on its judicial experience and common sense." Id. at 679.

### B. 42 U.S.C. § 1983

In order to sustain a cause of action under 42 U.S.C. § 1983, a plaintiff must show (i) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (ii) that the violation was proximately caused by a person acting under color of state law. *See* Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991). The causation requirement of § 1983 is satisfied only if a plaintiff demonstrates that a defendant did an affirmative act, participated in another's affirmative act,

or omitted to perform an act which he was legally required to do that caused the deprivation complained of. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981) (*quoting* Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978)).

### III.  COMPLAINT

Plaintiff currently resides at Kern Valley State Prison in Delano, California, but his cause of action arose during his incarceration at the California Correction Center located in Susanville, California. (Doc. 1 at 1). Plaintiff names the following state agencies and individuals as Defendants in this matter: (1) the California Department of Corrections and Rehabilitation ("CDCR"), (2) the CCC-Susanville, (3) the California Correctional Health Care Services ("CCHCS"), (4) J.D. Lozano, Chief of the CDCR Office of Inmate Appeals, (5) R. Fredrickson, a senior psychologist at CCHCS, and (6) D. Swingle, the Chief Medical Executive at CCHCS. Id. at 1-2. The following staff members at CCC-Susanville are also joined as Defendants: (1) Warden Mullin, (2) Assistant Warden R. Gower, (3) Lieutenant ("Lt.") P. Spoak, (4) Correctional Officer Delgado, (5) Correctional Officer Tisdal, (6) Appeals Coordinator K. Henderson, and (7) Correctional Officer Chandler. Id. at 2. Plaintiff seeks recompense in the amount of $20,000,000.00. Id. at 3.

The 4-page complaint fails to set forth any statement of facts. *See* Id. at 1-4. Rather, Plaintiff refers the Court to Exhibits A-1 through F-7, which consists of 44-pages of haphazardly attached documents that do not constitute a statement of facts. Id. at 5-48. It appears that Plaintiff believes the Court will interpret the facts of his case from these exhibits; not so. Although Plaintiff may present exhibits to the Court at a later time, he need not attach exhibits to the complaint. Plaintiff is advised that he SHALL set forth a concise statement of facts in his amended complaint to explain the "who, what, when, where, how and why" of his claim such to demonstrate why he believes a state actor violated his constitutional rights. Fed. R. Civ. P. 8(a); Martin v. Sullivan, Case Number 06-CV-00972-OWW-DLB (PC), 2007 WL 613899, at * 2 (E.D. Cal. 2007).

Nonetheless, the Court has reviewed the exhibits and the apparent claims contained in the complaint. Seemingly, Plaintiff alleges retaliation for witnessing prison officials' disrespect of his cellmate Antoine Medina. (Doc. 1 at 5-6). Plaintiff filed complaints concerning the disappearance of his legal mail, nine film scripts, and two plays. Id. at 7. Prison officials generally denied Plaintiff

access to mental healthcare and he suffers from paranoia, depression, and suicidal thoughts. Doc. 1 at 26-30.

**IV. DISCUSSION AND ANAYLSIS**

**A. State agencies and officials sued in their official capacity are not "persons" within the meaning of 42 U.S.C. § 1983.**

Generally, a state or state official sued in his or her official capacity are not "persons" under 42 U.S.C. § 1983.[1] Flint v. Dennison, 488 F.3d 816, 825 (9th Cir. 2007). The Eleventh Amendment serves as a jurisdictional bar to suits brought by private parties against a state or state agency, unless the state consents to the suit. *See* Dittman v. California, 191 F.3d 1020, 1025-26 (9th Cir. 1999) ("In the absence of a waiver by the state . . . under the [E]leventh [A]mendment, agencies of the state are immune from private damage actions or suits for injunctive relief brought in federal court.") (internal quotations omitted). Similarly, suing a state official in his or her official capacity is analogous to suiting the state itself. Flint v. Dennison, 488 F.3d 816, 825 (9th Cir. 2007)(*quoting* Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989).

Plaintiff brings suit against the CDCR, a state agency, CCC, a state prison, and CCHCS, all of which are state entities immune from suit under the Eleventh Amendment. *See e.g.,* Allen v. California Dep't of Corr. & Rehab., Case Number 109-CV-00767-AWI-GSA, 2009 WL 4163510, at * 5 (E.D. Cal. 2009) *report and recommendation adopted*, Case Number 109-CV-00767-AWI -GSA (PC), 2009 WL 5197855 (E.D. Cal. 2009) (CDCR held immune from § 1983 suit). Additionally, Defendants D. Lazano, Mullin, Gower, and D. Swindle appear to be brought in their official capacity, which Plaintiff cannot do. Fernandez v. California Dep't of Corr., Case Number 2:11-CV-1125 JFM PC, 2013 WL 322886 (E.D. Cal. Jan. 24, 2013) *report and recommendation adopted as modified*, Case Number 2:11-CV-01125 MCE, 2013 WL 1284275 (E.D. Cal. 2013). Thus, Plaintiff's claims are **DISMISSED.**

///

///

---

[1] A narrow exception to this rule permits a litigant to seek injunctive or declaratory relief against a state official. Flint, 488 F.3d at 825. Given that Plaintiff seeks monetary damages, (Doc. 1 at 3), this exception is inapplicable to the matter at bar.

**B. A 42 U.S.C. § 1983 claim cannot be sustained on a theory of *respondeat superior*.**

Under section 1983, Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir.2002) (emphasis added). Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1948–49 (2010). Liability may not be imposed on supervisory personnel under section 1983 on the theory of *respondeat superior,* as each defendant is only liable for his or her own misconduct. Id.; Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009). A supervisor may be held liable only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989); *accord* Starr v. Baca, No. 09–55233, 2011 WL 477094 *4–5 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir.2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir.2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir.1997). Given Plaintiff does not set forth any statement of facts, the Court cannot presume which Defendants are sued on the theory of *respondeat superior*. However, to the extent Plaintiff seeks to impose liability on any defendant by reason of his or her supervisory position, the complaint is **DISMISSED**.

**C. No constitutional right to a particular inmate appeals procedure.**

Plaintiff alleges that he was "intentionally neglected."[2] (Doc. 1 at 3). To the extent that Plaintiff alleges that prison officials ignored his inmate grievances, he is advised that "inmates lack a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). Therefore, when a prison official denies, screens-out, or ignores an inmate's grievance, the prison official does

---

[2]The term "intentional neglect" may also be interpreted as Plaintiff's attempt to assert a California tort claim against Defendants. If Plaintiff intended to do so, he is advised that under the California Tort Claims Act ("CTCA"), a plaintiff may not maintain an action for damages against a public employee unless he has presented a written claim to the state Victim Compensation and Government Claims Board within six months of accrual of the action. *See* Cal. Gov't Code §§ 905, 911.2(a), 945.4 & 950.2; Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). Thus, in pleading a state tort claim, plaintiff must allege facts demonstrating that he has complied with CTCA's presentation requirement. State of California v. Superior Court (Bodde), 32 Cal.4th 1234, 1243-44 (2004). Failure to allege compliance constitutes a failure to state a cause of action and will result in the dismissal of plaintiff's state law claims. Id.

not deprive the inmate of any constitutional right. See, e.g., Wright v. Shannon, No. CIV F-05-1485 LJO YNP PC, 2010 WL 445203, at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegation that prison officials denied or ignored his inmate appeals failed to state a cognizable claim); Walker v. Vazquez, No. CIV F-09-0931 YNP PC, 2009 WL 5088788, at *6-7 (E.D. Cal. Dec. 17, 2009) (plaintiff's allegation that prison officials failed to timely process his inmate appeals failed to state a cognizable claim); Towner v. Knowles, No. CIV S-08-2833 LKK EFB P, 2009 WL 4281999, at *2 (E.D. Cal. Nov. 20, 2009) (plaintiff's allegation that prison officials screened-out his inmate grievances without any basis failed to show a deprivation of federal rights). Thus, he fails to state a claim against Defendants on the grounds of "intentional neglect" and the claims is **DISMISSED.**

### D. Retaliation in violation of the First Amendment.

Under the First Amendment, prison officials may not retaliate against prisoners for initiating litigation or filing administrative grievances. Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005). A viable claim of First Amendment retaliation entails five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) the inmate's protected conduct and that the adverse action (4) chilled the inmate's exercise of his First Amendment rights and (5) did not reasonably advance a legitimate penological purpose. Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009) (quoting Rhodes, 408 F.3d at 567-68).

Plaintiff concludes that he was the victim of retaliation without more. (Doc. 1 at 3). In support of this allegation, Plaintiff claims that he witnessed prison officials' derogatory treatment of his cellmate, that a broken toilet caused a foul stench in his cell, and that he was housed with gang members in the administrative segregation unit ("Ad Seg"). Id. at 5-6. The fact that these events occurred *prior* to his filing of an administrative grievance is tantamount to a failure to state a cognizable claim. Plaintiff demonstrates no causal link between an exercise of his constitutional right and the retaliation alleged. Stinson v. Galaza, 73 F. App'x 312, 314 (9th Cir. 2003) (no cognizable claim existed where inmate could not show that he was punished for exercising a First Amendment

right). Thus, Plaintiff[3] claim of retaliation is **DISMISSED.**

### E. Eighth Amendment claim of failure to provide adequate medical care.

Plaintiff's claim of neglect based on his psychological condition necessitates an Eighth Amendment analysis for failure to provide adequate medical care. (Doc. 1 at 3). To establish a violation of the Eighth Amendment based on inadequate medical care, a plaintiff must demonstrate "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). In other words, the plaintiff must show the existence of (1) a serious medical need and (2) a deliberately indifferent response by the defendant. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

A medical need is serious "if the failure to treat the condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997). Indications that a person has a serious need for medical treatment include: the existence of an injury that a reasonable doctor or patient would find worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain. McGuckin, 974 F.2d at 1059-60 (citations omitted).

A defendant acts with deliberate indifference when he knowingly fails to respond to a serious medical need, thereby inflicting harm on the plaintiff. See Farmer v. Brennan, 511 U.S. 825, 837-42 (1994); Jett, 439 F.3d at 1096. Deliberate indifference may appear when a defendant denies, delays, or otherwise interferes with medical treatment. See Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988). Nevertheless, "[d]eliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).

Plaintiff appears to suffer from depression, paranoia, and suicidal thoughts, (Doc. 1 at 29),

---

[3] Plaintiff's exhibits reference claims of denial of access to the Courts and mail access without providing sufficient facts to support such a claim. *See e.g.,* (Doc. 1 at 9-11). As Plaintiff does not allege First Amendment violations in the body of his pleading, the Court does not assume that he now claims that some Defendant caused a denial of access to the courts or his right to receive or send mail.

1  which may be construed as a serious medical condition.  However, Plaintiff fails to demonstrate how
2  any prison officials were aware of his condition, other than the fact he filed a series of administrative
3  grievances.  Additionally, Plaintiff fails to allege that he sustained any underlying harm. Therefore,
4  Plaintiff fails to state a cognizable claim for inadequate medical care and the claim is **DISMISSED**.

5  **V.     LEAVE TO AMEND**

6  The Court will provide Plaintiff a <u>final</u> opportunity to amend his pleading to cure the
7  deficiencies noted in this order.  See <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987) ("A pro
8  se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the
9  deficiencies of the complaint could not be cured by amendment.") (internal quotations omitted). In his
10 first amended complaint, **<u>Plaintiff must address the deficiencies noted here. Plaintiff is advised</u>**
11 **<u>that his failure to do so will result in an order dismissing this action.</u>**

12 In addition, Plaintiff is cautioned that in his first amended complaint, he may not change the
13 nature of this suit by adding new, unrelated claims in his amended complaint.  See <u>George v. Smith</u>,
14 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).  Plaintiff is also advised that once he
15 files his second amended complaint, his original pleadings are superceded and no longer serve any
16 function in the case.  See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Thus, the first amended
17 complaint must be "complete in itself without reference to the prior or superceded pleading." Local
18 Rule 220.  "All causes of action alleged in an original complaint which are not [re-]alleged in an
19 amended complaint are waived."   <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987) (citations
20 omitted).

21 Finally, the first amended complaint, including any attached documents, **<u>SHALL NOT</u> exceed**
22 **20 pages.**  The first amended complaint **SHALL** contain a plain and concise statement of facts in
23 compliance with Fed. R. Civ. P. 8(a).  While Plaintiff may do so, there is **NO NEED** to attach exhibits
24 to the first amended complaint.
25 ///
26 ///
27 ///
28 ///

**ORDER**

In accordance with the foregoing, it is **HEREBY ORDERED** that:

1. The complaint is **DISMISSED with leave to amend;**

2. Plaintiff is **GRANTED 21 days** from the date of service of this Order to file a first amended complaint attempting to cure the deficiencies identified by the Court in this screening order. Plaintiff is advised that should he file a first amended complaint, **it SHALL be no longer than 20 pages.** This 20 page limitation <u>includes</u> attached exhibits;

3. The Clerk of the Court is DIRECTED to send Plaintiff the form complaint for use in a civil rights action; and

4. **<u>Plaintiff is cautioned that his failure to comply with this Order will result in a recommendation that this action be dismissed</u>**.

IT IS SO ORDERED.

Dated:   **May 8, 2013**                    **/s/ Jennifer L. Thurston**
                                         UNITED STATES MAGISTRATE JUDGE