UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY E. WOOTEN,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEP'T OF CORRECTIONS, et al.<br><br>    Defendants. | Case No.: 1:13-cv-00570 – LJO - JLT (PC)<br><br>ORDER STRIKING THE AMENDED COMPLAINT FOR FAILURE TO COMPLY WITH FED. R. CIV. P. 8(a) AND THE COURT'S ORDER<br><br>(Doc. 8) |

    Plaintiff Gregory E. Wooten ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983. As required, the Court screened and dismissed Plaintiff's original complaint for failure to state a claim on May 8, 2013, and granted Plaintiff leave to amend. (Doc. 7). Having read and considered Plaintiff's timely amended complaint, (Doc. 8), the Court **ORDERS** that the amended complaint be **STRICKEN**.

    In the May 8, 2013, order (Doc. 7), the Court explicitly advised Plaintiff that he "SHALL set forth a "concise statement of facts in his amended complaint to explain the "who, what, when, where, how and why" of his claim such to demonstrate why he believes a state actor violated his constitutional rights." (Doc. 7 at 3) (emphasis and quotations in original). The Court additionally explained the mandates of Fed. R. Civ. P. 8(a), specifically noting that Plaintiff **must present more than labels and conclusions in his** complaint in order to state a cognizable claim. Id. at 2. Finally, the Court set forth the legal standards required to present a First Amendment claim of retaliation and

1

an Eighth Amendment claim of inadequate medical care. Id. at 6-8.

At present, Plaintiff submits a first amended complaint replete with misplaced capital letters, misused semicolons, and rambling sentences, that make it difficult to decipher his cause of action. Nonetheless, the Court has reviewed the amended complaint, and notes that Plaintiff has set forth conclusory allegations unsupported by a "plain and concise statement" of the facts. Fed. R. Civ. P. 8(a). For example, Plaintiff claims that Officer Delgado disposed of Plaintiff's legal mail[1] and that he "conspired to torment" Plaintiff without explaining how he knows this is the case. (Doc. 8 at 4). Plaintiff seemingly wishes the Court to grant him relief without requiring him to comply with the precepts of Fed. R. Civ. P. 8(a) of which he was previously advised; this the Court will not do.

Accordingly, Plaintiff's first amended complaint (Doc. 8) is **STRICKEN** for failure to comply with Fed. R. Civ. P. 8(a) and the Court's May 8, 2013, order. (Doc. 7).

**ORDER**

Accordingly, and for the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's first amended complaint (Doc. 8) is **STRICKEN;**

2. Plaintiff is **GRANTED 21 days** from the date of service of this Order to file a first amended complaint attempting to cure the deficiencies identified by the Court in this screening order. Plaintiff is advised that should he file a first amended complaint, **it**

---

[1] In addition to the claims of retaliation and inadequate medical care, previously discussed in the Court's order dated May 8, 2013, (Doc. 7), Plaintiff now appears to present a claim of denial of access to the courts and a conspiracy claim.

Plaintiff's reference to Officer Delgado's tampering with his legal mail implicates a right of access to the Courts. Should he wish to allege such a claim in his first amended complaint, Plaintiff is advised that his right of access to the courts is limited to the filing of direct criminal appeals, habeas petitions, and civil rights actions. Lewis v. Casey, 518 U.S. 343, 346, 354 (1996). Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a suit that cannot now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 412-15 (2002). In either scenario, a plaintiff must allege actual injury. See Lewis, 518 U.S. at 351-53.

With regard to the conspiracy claim **Error! Main Document Only.**brought pursuant to section 1983, a plaintiff must "allege [some] facts to support the existence of a conspiracy among the defendants." Buckey v. County of Los Angeles, 968 F.2d 791, 794 (9th Cir. 1992); Karim-Panahi v. Los Angeles Police Department, 839 F.2d 621, 626 (9th Cir. 1988). To state such a claim, a plaintiff must show (1) a meeting of the defendants' minds to violate the plaintiff's constitutional rights, and (2) an actual deprivation of the plaintiff's constitutional rights." Fearence v. Schulteis, Case No. 1:08-CV-00615-LJO, 2013 WL 1314038 * 3 (E.D. Cal. 2013). Plaintiff must allege that defendants conspired or acted jointly in concert and that some overt act was done in furtherance of the conspiracy. Sykes v. State of California, 497 F.2d 197, 200 (9th Cir. 1974). Each defendant is not required to know the exact details of the course of action, "but each participant must at least share the common objective of the conspiracy." Fearance, 2013 WL at 3 (internal citations and quotations omitted).

**SHALL be no longer than 20 pages.** This 20-page limitation includes attached exhibits;

3. The Clerk of the Court is DIRECTED to send Plaintiff the form complaint for use in a civil rights action; and

4. **Plaintiff is cautioned that his failure to comply with this Order and the May 8, 2013, Order (Doc. 7) will result in a recommendation that this action be dismissed**.

IT IS SO ORDERED.

Dated:   **June 8, 2013**                                        /s/ Jennifer L. Thurston
                                                                                UNITED STATES MAGISTRATE JUDGE