UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY E. WOOTEN,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEP'T OF CORRECTIONS, et al.,<br><br>    Defendants. | Case No.: 1:13-cv-00570 - LJO – JLT (PC)<br><br>ORDER DISMISSING THE SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND<br><br>(Doc. 12) |

Gregory E. Wooten is a state prisoner proceeding *pro se* and *in forma pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 12). As required, the Court screens Plaintiff's second amended complaint pursuant to 28 U.S.C. § 1915A. For the following reasons, the Court **DISMISSES** the second amended complaint, but grants Plaintiff leave to amend.

I.  SCREENING REQUIREMENT

Because Plaintiff seeks redress from governmental employees in a civil action, the Court is required to screen his complaint in order to identify cognizable claims. 28 U.S.C. § 1915A(a)-(b). The Court shall "dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## II. PLEADING STANDARDS

### A. Fed. R. Civ. P. 8(a)

"Pro se documents are to be liberally construed" and "'must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Estelle v. Gamble, 429 U.S. 97, 106 (1976) (*quoting* Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). "[They] can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Id. Under Federal Rule of Civil Procedure 8(a), "[a] pleading that states a claim for relief must contain: (1) a short and plaint statement of the grounds for the court's jurisdiction, . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). Each allegation must be simple, concise, and direct. Fed. R. Civ. P. 8(d)(1). While a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (internal quotation marks and citations omitted).

In analyzing a pleading, the Court sets conclusory factual allegations aside, accepts all non-conclusory factual allegations as true, and determines whether those non-conclusory factual allegations accepted as true state a claim for relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 676-684 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. at 678 (internal quotation marks and citation omitted). In determining plausibility, the Court is permitted "to draw on its judicial experience and common sense." Id. at 679.

### B. 42 U.S.C. § 1983

In order to sustain a cause of action under 42 U.S.C. § 1983, a plaintiff must show (i) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (ii) that the violation was proximately caused by a person acting under color of state law. *See* Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991). The causation requirement of § 1983 is satisfied only if a plaintiff demonstrates that a defendant did an affirmative act, participated in another's affirmative act,

or omitted to perform an act which he was legally required to do that caused the deprivation complained of. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981) (*quoting* Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978)).

**III.   COMPLAINT**

Plaintiff's cause of action arose while he was incarcerated at the California Correctional Center ("CCC") located in Susanville, California. (Doc. 12 at 3).  Plaintiff seeks $5,000,000.00 in recompense from Dr. Fredrickson, a senior psychologist at CCC. Id. at 2-3.

On March 7, 2013, Plaintiff experienced "(vivid) bad dreams" that disturbed his mental health. (Doc. 12 at 3).  Plaintiff sought treatment from Dr. Fredrickson, but the therapy sessions left Plaintiff in "worse mental shape." Id.  While Plaintiff expressed his "somber thinking" and requested help, Dr. Fredrickson responded "not by me" and refused to treat Plaintiff. Id.

On July 25, 2012, Plaintiff informed Dr. Fredrickson of his "self-harmful mindset." (Doc. 12 at 3).  He requested to see a specialist and to be placed on suicide watch, but Dr. Fredrickson refused his requests. Id.  The following day, Plaintiff harmed himself, which resulted in prison personnel using pepper spray on Plaintiff. Id.

**IV.   LEGAL ANALYSIS AND DISCUSSION**

Plaintiff seemingly avers that Dr. Fredrickson provided him with inadequate medical care. (Doc. 12 at 3). To establish a violation of the Eighth Amendment based on inadequate medical care, a plaintiff must demonstrate "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976).  In other words, the plaintiff must show the existence of (1) a serious medical need and (2) a deliberately indifferent response by the defendant. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

A medical need is serious "if the failure to treat the condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997).  Indications that a person has a serious need for medical treatment include: the existence of an injury that a reasonable doctor or patient would find worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of

1  chronic and substantial pain.  McGuckin, 974 F.2d at 1059-60 (citations omitted).

2        A defendant acts with deliberate indifference when he knowingly fails to respond to a serious medical need, thereby inflicting harm on the plaintiff.  See Farmer v. Brennan, 511 U.S. 825, 837-42 (1994); Jett, 439 F.3d at 1096.  Deliberate indifference may appear when a defendant denies, delays, or otherwise interferes with medical treatment.  See Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988).  Nevertheless, "[d]eliberate indifference is a high legal standard."  Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).  "Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."  Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).

      Plaintiff's "somber thoughts" caused him to develop a "self-harming mindset" and apparent suicidal ideation, (Doc. 12 at 3), which logically significantly affected his daily activities. *See* McGuckin, 974 at 1059-60.  Specifically, Plaintiff acted on his self-deprecating thoughts and harmed himself on July 26, 2012. (Doc. 12 at 3).  Thus, Plaintiff indicates that he suffered from a serious medical condition.

      However, Plaintiff fails to demonstrate the Defendant acted with deliberate indifference toward his medical condition.  Previously, this Court determined that a suicide attempt is actionable only where the act of attempted suicide is non-volitional.  Soto v. City of Sacramento, 567 F.Supp. 662, 693-694 (E.D.Cal.1983).  In other words, if Plaintiff's suicide attempt was the result of Defendant's failure to provide adequate medical care and Plaintiff's mental condition prevented him from "realizing the nature of his act or controlling his conduct," then Plaintiff could, as a matter of law, demonstrate that Defendant was the proximate cause of Plaintiff's suicide attempt.  Soto, 567 F. Supp. at 694.  On the other hand, if Plaintiff was able to "appreciate the nature of his act and able to control his conduct, but chose freely to attempt suicide, [D]efendant[] would not be liable for the injuries sustained by virtue of the attempted suicide."  Id.  Thus, Plaintiff must allege sufficient facts to demonstrate that the act of attempted suicide was not voluntary taken and was, instead, caused by the Defendant's wrongful conduct.  Therefore, Plaintiff fails to state a cognizable Eighth Amendment claim of failure to protect.

4

## V.     LEAVE TO AMEND

The Court will provide Plaintiff a **final** opportunity to amend his pleading to cure the deficiencies noted in this order. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987) ("A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotations omitted). In his third amended complaint, **Plaintiff must address the deficiencies noted in this Order. Plaintiff is advised that his failure to do so will result in an order dismissing this action.**

In addition, Plaintiff is cautioned that in his third amended complaint he may not change the nature of this suit by adding new, unrelated claims in his third amended complaint. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).  Plaintiff is also advised that once he files his third amended complaint, his original pleadings are superceded and no longer serve any function in the case. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Thus, the third amended complaint must be "complete in itself without reference to the prior or superceded pleading." Local Rule 220.  "All causes of action alleged in an original complaint which are not [re-]alleged in an amended complaint are waived." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (citations omitted).

Finally, Plaintiff's third amended complaint **SHALL** comply with Fed. R. Civ. P. 8(a). Therefore, **Plaintiff's third amended complaint, including the attached exhibits, SHALL NOT exceed 20 pages**.

### ORDER

For the reasons stated above, the Court **HEREBY ORDERS** that:

1. The second amended complaint (Doc. 12) is **DISMISSED;**

2. Plaintiff is **GRANTED** 21 days from the date of service of this Order, to file a third amended complaint that addresses the deficiencies set forth in this Order. The third amended complaint must bear the docket number assigned to this case and must be labeled "Third Amended Complaint."  The Third Amended Complaint **SHALL not exceed 20 pages**;

3. The Clerk of the Court is **DIRECTED** to send Plaintiff the form complaint for use in a civil rights action; and

5

  4. **Plaintiff is firmly cautioned that failure to comply with this order will result in an order dismissing this action.**

IT IS SO ORDERED.

 Dated:  **August 26, 2013**     **/s/ Jennifer L. Thurston**
                 UNITED STATES MAGISTRATE JUDGE