# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY E. WOOTEN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CALIFORNIA DEPT. OF CORRECTIONS, et al.,<br><br>　　　　Defendants. | 1:13-cv-00570-LJO-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS ACTION WITH PRUEJUDICE FOR FAILURE TO PROSECUTE**<br><br>**(Doc. 30)**<br><br>**21-DAY DEADLINE** |

On August 3, 2015, Defendant Dr. R. Fredrickson filed a motion for summary judgment which included notice to Plaintiff of the requirements to oppose. (Doc. 27.)  Plaintiff did not file a response to the motion.

On September 29, 2015, the Court ordered Plaintiff to file an opposition or statement of non-opposition to Defendant's motion for summary judgment within twenty-one days. (Doc. 30.) Over a month has now passed and Plaintiff has not complied with, or otherwise responded to the Court's order.[1]  The Court warned Plaintiff that his failure to file a response would result in dismissal of the action, with prejudice, for failure to prosecute. (*Id.*)

The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. *Bautista v. Los*

---

[1] The Court notes that no mail sent by the Court to Plaintiff has been returned.

1

*Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000).  In determining whether to dismiss an action for failure to comply with a pretrial order, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (internal quotations and citations omitted).  These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action.  *Id.* (citation omitted).

Plaintiff filed this action, but is no longer prosecuting it despite the Court notifying him of the requirement to respond in the First Informational Order and in the September 29, 2015 order specifically directing him to file an opposition or a statement of non-opposition to Defendant's motion for summary judgment.  (Docs. 3, 30.)  The Court cannot afford to expend resources resolving a motion for summary judgment which is unopposed in a case because Plaintiff is no longer prosecuting it.  Based on Plaintiff's failure to comply with or otherwise respond to the September 29, 2015 order, there is no alternative but to dismiss the action for failure to prosecute.  *Id.*  This action, which has been pending since April of 2013, cannot proceed without Plaintiff's cooperation and compliance with court orders and the action cannot remain idle on the Court's docket, unprosecuted.  *Id.*

Accordingly, it is HEREBY RECOMMENDED that this action be dismissed, with prejudice, for Plaintiff's failure to prosecute.  *In re PPA*, 460 F.3d at 1226; Local Rule 110.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within 21 days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

///

///

2

The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **November 3, 2015**           **/s/ Jennifer L. Thurston**
                                       UNITED STATES MAGISTRATE JUDGE