# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY E. WOOTEN,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPT. OF CORRECTIONS, et al.,<br><br>    Defendants. | Case No.  1:13-cv-00570-LJO-JLT (PC)<br><br>**ORDER DENYING PLAINTIFF'S REQUESTS FOR RECONSIDERATION PER FED. R. CIV. P. 60(b)(1)**<br><br>**(Docs. 35, 37)** |

    Plaintiff, Gregory E. Wooten, is a state prisoner proceeding *pro se* and i*n forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  This action was closed on December 2, 2015 because Plaintiff failed to file an opposition to Defendants' motion for summary judgment, despite being ordered to do so.  (Docs. 32, 33.)  Some three months after the case was closed, Plaintiff filed a motion for an extension of time to file his opposition to Defendants' motion for summary judgment (Doc. 35) and then on April 29, 2016, Plaintiff filed another motion seeking to excuse his failure to obey orders from this Court and prosecute this action, desiring direction as to how he should proceed (Doc. 37).  These motions are construed as motions for reconsideration of the order that dismissed this action.

    The history that led up to dismissal of this action is straightforward.  On August 3, 2015, Defendant filed a motion for summary judgment.  (Doc. 27.)  On August 5, 2015, the Court issued the Second Informational Order notifying Plaintiff of the requirements to oppose a motion

for summary judgment and that an opposition or statement of non-opposition must be filed within twenty-one days of the date Defendant's filed their motion for summary judgment.  (Doc. 29.)  Plaintiff filed neither within the requisite time.  On September 29, 2015, the Court ordered Plaintiff to file an opposition or a statement of non-opposition to Defendant's motion for summary judgment within twenty-one days of the date that order issued.  (Doc. 30.)  More than twenty-one days passed and Plaintiff failed to file an opposition, a statement of non-opposition, or to respond in any way to Defendant's motion for summary judgment or to the September 29, 2015 order.  Thus, on November 3, 2015, the Magistrate Judge issued findings and recommendations for the action to be dismissed because of Plaintiff's failure to prosecute which was served on Plaintiff that same day and contained notice that any objections to it were to be filed within twenty-one days.  (Doc. 31.)  Plaintiff did not file any objections and an order adopting the findings and recommendation, which dismissed the action, issued on December 2, 2015 and judgment was entered that same day.  (Docs. 32, 33.)

      Rule 60(b) of the Federal Rules of Civil Procedure provides that "[o]n motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or misconduct by an opposing party; . . . or (6) any other reason justifying relief from the operation of judgment."  Motions under Rule 60(b) "must be made within a reasonable time -- and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."

      Relief under Rule 60 "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist.  *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted) (addressing reconsideration under Rules 60(b)(1)-(5)).  The moving party "must demonstrate both injury and circumstances beyond his control . . . ." *Id.* (internal quotation marks and citation omitted).  Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown"

previously, "what other grounds exist for the motion," and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered.

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

After seven months of unresponsiveness, Plaintiff seeks "grace" from this Court to reopen and allow him to proceed on his claims in this action. Plaintiff attempts to justify his neglect of this action by stating that when he was released from custody in California, on a date which he does not disclose, he returned to Atlanta, Georgia where he lived with a friend whose lease agreement did not allow Plaintiff to receive any mail at that address. Then, on September 15, 2015,[1] Plaintiff was arrested and spent approximately five months in the Hall County Jail. Plaintiff asserts that these circumstances amounted to "hardship" and "poor adjustment to society" which should excuse his failure to prosecute this action.

Neither of these circumstances were beyond Plaintiff's control. *Harvest*, 531 F.3d at 749. Plaintiff could have obtained a Post Office Box at which to receive mail and correspond with this court and refrained from activities which led to his arrest in Georgia. Further, the First Informational Order issued within days of Plaintiff's filing this action. (Doc. 3.) It notified Plaintiff that all court deadlines are strictly enforced and that he must request extensions of time *before* any established deadlines lapse -- which Plaintiff did not do. It further stated that Plaintiff has an affirmative duty to keep the Court and opposing counsel apprised of his address, which Plaintiff also failed to do. Plaintiff's difficult circumstances since his release are unfortunate, but are insufficient to justify reconsideration of the order dismissing this action.

---

[1] This date is notably *after* Plaintiff's opposition to Defendants' motion for summary judgment was due.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 303, this Court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, the Court finds the December 2, 2015 order which dismissed this action as well as the findings and recommendation that issued on November 3, 2015, which the December 2, 2015 adopted, to be supported by the record and proper analysis.

Accordingly, Plaintiff's motions for reconsideration, filed on March 16, 2016 (Doc. 35) and April 27, 2016 (Doc. 37), is HEREBY DENIED and any objections based thereon are OVERRULED.

IT IS SO ORDERED.

Dated:   **May 7, 2016**                                   /s/ Lawrence J. O'Neill
                                                          UNITED STATES CHIEF DISTRICT JUDGE